UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR SALINAS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 20-2192 (UNA) |
| ) | |
| FEDERAL ELECTION COMMISSION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Victor Salinas' application to proceed *in forma pauperis* and a *pro se* civil complaint signed by Victor Salinas and Stephanie Calloway. The application will be granted, and the complaint will be dismissed for lack of subject matter jurisdiction.

Salinas and Callaway identify themselves as members of the Fabricant Victory Committee, which "promote[s] the election of Danny Fabricant to the House of Representatives for the 30th Congressional District of California." Compl. at 2. Danny Fabricant is an incarcerated inmate who is presently in the custody of the Federal Bureau of Prisons.[1] *See United States v. Fabricant*, No. CR 03-01257-RSWL-1, 2015 WL 12857301, at *1 (C.D. Cal. Nov. 18, 2015) ("Danny Joseph Fabricant . . . is currently serving a life sentence after a jury convicted him of five counts of conspiracy to distribute, distribution of, and possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846[.]"). Plaintiffs' complaint refers to the definition of "candidate" set forth in Title 52 of the United States Code:

---

[1] According to the Bureau of Prisons' Inmate Locator, Fabricant is designated to the United States Penitentiary in Lompoc, California.

1

> The term "candidate" means an individual who seeks nomination for election, or election, to Federal office, and for purposes of this paragraph, an individual shall be deemed to seek nomination for election, or election—
>    (A) if such individual has received contributions aggregating in excess of $5,000 or has made expenditures aggregating in excess of $5,000; or
>    (B) if such individual has given his or her consent to another person to receive contributions or make expenditures on behalf of such individual and if such person has received such contributions aggregating in excess of $5,000 or has made such expenditures aggregating in excess of $5,000.

52 U.S.C. § 30101(2). Plaintiffs alleges that Fabricant registered with the Federal Election Commission as a candidate for office and that the Commission disqualified him as a candidate because he had not received contributions or made expenditures exceeding $5,000. *See id.* at 3 ¶¶ 3-5. Plaintiffs contend that the $5,000 limit set forth in 52 U.S.C. § 30101 is unconstitutional, *see id.* at 4 ¶ 11, and they demand a declaratory judgment, *see id.* at 4.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Neither plaintiff is a candidate for office, and it is unclear whether or how plaintiffs have sustained harm because the Commission disqualified Fabricant as a candidate for office.  "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74; *see Olumide v. U.S. Attorney Gen.*, No. 20-5135, 2020 WL 6600952, at *1 (D.C. Cir. Oct. 19, 2020) (per curiam) (affirming dismissal of "claim that it is unlawful for a member of Congress to change political parties, because he has identified no particularized injury to himself resulting from such a practice"); *Lance v. Cruz*, No. 16-CV-1224, 2016 WL 1383493, at *2 (E.D.N.Y. Apr. 7, 2016) (rejecting argument that particular presidential candidate's "presence on the ballot will somehow damage [plaintiff's] rights as a voter . . . constitute[s] a sufficiently particularized injury to establish standing under Article III").

Because plaintiffs fail to demonstrate standing, the Court lacks subject matter jurisdiction over their claim.  Therefore, the complaint must be dismissed.  An Order consistent with this Memorandum Opinion is issued separately.

DATE: November 27, 2020                /s/
                                       KETANJI BROWN JACKSON
                                       United States District Judge